UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- SOUTHERN DIVISION

| | |
|---|---|
| NU TANG, | ) No. SA CV 05-00578 SH |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| Defendant, | ) |
| | ) |

I. <u>JURISDICTION</u>

Pursuant to 28 U.S.C. § 405(g), this court has authority to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  The parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c).

///

///

## II. PROCEDURAL BACKGROUND

Plaintiff, Nu Tang, filed an application for SSI on June 13, 2002 alleging an inability to work since October 6, 2001 due to various physical and mental disabilities.  (Administrative Law Record ["AR"] 87-110).  Her claim was denied initially and upon reconsideration.  (AR 26-36).  Several hearings before an Administrative Law Judge ("ALJ") were held, the last of which was on October 7, 2004.  (AR 323-369).  Following the receipt of a decision denying benefits, Plaintiff sought review to the Appeals Council.  (AR 8-9).  The Appeals Council declined to review on April 19, 2005.  (AR 5-7).  This action followed.  The parties have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation.

## III. DISCUSSION

The sole issue in this case is whether the ALJ's finding that Plaintiff can perform her past relevant work as a waitress is supported by substantial evidence and is free from material legal error.  More specifically, the issue is whether the ALJ's reliance on the testimony of the vocational expert ("VE") was appropriate.  For the reasons below, the case is remanded to correct the errors in determining that Plaintiff was not disabled.

Plaintiff asserts that the ALJ's conclusion that Plaintiff can perform her past relevant work as a waitress was based on the VE's "clear deviation" from the Dictionary of Occupational Titles ("DOT"), without explanation, and therefore was not based on substantial evidence.  Defendant argues that the ALJ properly determined that Plaintiff was not disabled because the ALJ based her decision on the testimony of the VE after the ALJ provided the VE with a full and complete hypothetical question which took into account all of Plaintiff's found limitations.  In addition, Defendant argues that the VE's testimony was not needed because at step four of the sequential evaluation it is the Plaintiff's burden to prove her

1  disability.

2      Using the VE's testimony, the ALJ found that Plaintiff was not disabled.

3  However, this determination was not based upon substantial evidence.  An ALJ's

4  decision to deny benefits must be based upon substantial evidence and proper legal

5  standards.  <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 846 (9th Cir. 1991).  At step four

6  in the sequential evaluation for determining whether a person is disabled, the

7  plaintiff carries the burden of proving that she cannot return to her former job.  20

8  C.F.R. § 416.920.  VE testimony at step four can be helpful, however it is not

9  required.  <u>See</u> <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1993).  The ALJ

10  may rely on VE testimony that contradicts the DOT if the record contains

11  persuasive evidence to support the deviation.  <u>See</u> <u>Johnson v. Shalala</u>, 60 F.3d

12  1428, 1435 (9th Cir. 1995).  Although, in this case the VE's testimony was not

13  required, this court will review the VE's testimony because the ALJ relied on that

14  testimony in her determination that Plaintiff was not disabled.  (AR 21).

15      The ALJ's determination was not based upon substantial evidence due to

16  deficiencies with respect to the hypothetical posed by the ALJ and the VE's

17  answer, and reliance of the ALJ on contrary facts.  The VE's testimony was not

18  supported by substantial evidence with regards to the description of the skills of a

19  waitress job compared to the limitations of the Plaintiff.

20      The VE classified Plaintiff's past work as "waitress" (DOT #311.477-030).

21  Pursuant to the DOT, the VE correctly stated that waitresses are "semi-skilled"

22  workers.  (AR 346).  However, the State Agency psychiatrist determined that the

23  mental limitations of the Plaintiff rendered her capable of performing only

24  "unskilled" work.  (AR 189; Exhibit 6F).  The error results from the fact that the

25  ALJ specifically addressed the State Agency's findings in the hypothetical but the

26  VE responded with a conflicting answer.  (AR 346-347).  In other words, by

27  relying on Exhibit 6F, the ALJ proposed in the hypothetical that Plaintiff was

28  capable of performing only unskilled work but the VE responded that the Plaintiff

could perform semi-skilled work.  The ALJ relied on the VE's testimony despite the fact that the contradiction was not explained and that the response was not supported by the record.

The ALJ failed to specifically address the portion of the State Agency's psychiatric evaluation that noted that Plaintiff was limited to unskilled work and relegated to simple repetitive tasks, and only focused on the portion that described the Plaintiff's mental limitations as moderate.  (AR 20, 187-89).   The ALJ relied on only isolated parts of the State Agency's findings, therefore her determination that Plaintiff was not disabled was not supported by substantial evidence.  (AR 20-21).

In addition, there was no explanation of the seemingly contradictory finding with regards to the Plaintiff's mental residual functional capacity (as described by the State Agency) and the requirements to adequately perform the job as a waitress. More specifically, the contradiction between the fact that Plaintiff has moderate limitations in her ability to understand, remember and carry out detailed instructions and to interact appropriately with the general public, and the statement by the VE that waitresses require skills that include dealing with the public, food service, and cashiering.  (AR 187-188, 346).  The ALJ was without reason to rely on the VE's deviation from the DOT without explanation or persuasive evidence.

Due to the factual contradictions and deficiencies used in the VE's determination, the ALJ did not base her findings on substantial evidence.

///

///

///

///

///

///

///

- 4 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IV. <u>ORDER</u>

For the forgoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: <u>May 22, 2006</u>

_____/s/_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE